UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BERNAL AGUILAR**                                    **CIVIL ACTION**

**versus**                                            **NO. 15-1637**

**NATHAN BURL CAIN, II**                              **SECTION: "C"(1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Bernal Aguilar, is a state prisoner incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. On November 6, 2013, he pleaded guilty to driving while intoxicated, second-degree feticide, and first-degree negligent injuring under Louisiana law. He was sentenced as follows: twenty years imprisonment without benefit of parole, probation, or suspension of sentence on the driving while intoxicated conviction; ten years imprisonment on the second-degree feticide conviction; and five years imprisonment on the first-degree negligent injuring

conviction. It was ordered that his sentences run concurrently.[1] On July 29, 2014, the state district court granted him an out-of-time appeal.[2] On January 14, 2015, the Louisiana Fifth Circuit Court of Appeal then affirmed his convictions, amended his sentence for driving while intoxicated to provide that only the first two years of that sentence be served without benefit of parole, probation, or suspension of sentence, and affirmed the sentences as amended.[3] He thereafter filed a direct-review writ application which was docketed as Case No. 2015-KH-446 by the Louisiana Supreme Court.[4] That writ application currently remains pending.

Petitioner has also filed various motions in the state courts seeking post-conviction relief. To date, those efforts have been unsuccessful. However, he currently has a collateral-review writ application pending before the Louisiana Supreme Court in Case No. 2015-KH-1057.[5]

Petitioner filed the instant federal application seeking *habeas corpus* relief on or about May 13, 2015.[6] The state filed a response conceding that the application is timely but arguing

---

[1] State Rec., Vol. II of V, transcript of November 6, 2013; State Rec., Vol. I of V, guilty plea form.

[2] State Rec., Vol. II of V, Order dated July 29, 2014.

[3] State v. Aguilar, 167 So.3d 862 (La. App. 5th Cir. 2015); State Rec., Vol. II of V.

[4] State Rec. Vol. V of V.

[5] State Rec. Vol. V of V.

[6] Rec. Doc. 3.

that it should be dismissed because petitioner's remedies in the state courts are not yet exhausted.[7] Petitioner filed a reply to the state's response.[8]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). Therefore, for the federal exhaustion requirement to be met, "a petitioner must have fairly presented the substance of his claim[s] to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

The state court record submitted to this Court reflected that petitioner filed two writ applications with the Louisiana Supreme Court: his direct-review writ application in Case No. 2015-KH-446[9] and his collateral-review writ application in Case No. 2015-KH-1057.[10] As noted *supra*, both of those applications currently remain pending.

In his reply to the state's response, however, petitioner stated: "The Louisiana Supreme Court has denied to intervene on at least three different occasions with another two matters

---

[7] Rec. Doc. 13.

[8] Rec. Doc. 14.

[9] State Rec. Vol. V of V.

[10] State Rec. Vol. V of V.

pending but not adjudicated."[11]  Because petitioner suggested that he had sought review by the Louisiana Supreme Court on other occasions, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court by telephone on August 24, 2015.  The Clerk stated that petitioner filed a *third* writ application with that Court within the past month, which has been docketed as Case No. 2015-KH-1497 and remains pending.  The Clerk stated that, other than the three writ applications mentioned herein, petitioner has filed no other applications with that court.

> Based on the foregoing, it is clear that all of the writ applications petitioner has filed with the Louisiana Supreme Court currently remain pending before that court.  Where, as here, state applications remain pending, it generally cannot be said that the claims asserted therein are exhausted.  See, e.g., Larrimore v. Montgomery, No. CV-13-8841, 2013 WL 6478599, at *1 (C.D. Cal. Dec. 9, 2013) ("[W]hen a federal habeas claim is still pending before a state court, a federal habeas petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim."); Bartley v. Beckstrom, Civil No. 7:12-cv-66, 2013 WL 149481, at *2 (E.D. Ky. Jan. 14, 2013); Cunningham v. Green, Civ. Action No. 09-cv-02942, 2010 WL 1667786, at *2 (D. Colo. Apr. 23, 2010) ("[M]erely filing an appeal does not satisfy the fair presentation requirement."); Prior v. Hofmann, No. 1:08-cv-139, 2008 WL 5412850, at *2 (D. Vt. Dec. 29, 2008) ("Because it is undisputed that Prior's ineffective assistance claim is still pending before the Vermont Supreme Court, his state court remedies on that issue have not been exhausted.").  Although a federal court can excuse the exhaustion requirement "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon

---

[11] Rec. Doc. 14, p. 4.

his due process rights," Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993), that exception does not apply here because petitioner's Louisiana Supreme Court writ applications have been pending for only a few months at most.[12]

In his reply to the state's response in this proceeding, petitioner argues that this Court need not wait for the Louisiana Supreme Court to rule, suggesting that his pending writ applications are unlikely to meet with success. However, it is not appropriate for this Court to engage in such speculation. Because petitioner has sought review by the Louisiana Supreme Court, this federal court should allow the state court the opportunity to consider and rule on the applications. As the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, *federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.*

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted; emphasis added).

---

[12] The writ application in Case No. 2015-KH-446 was filed in March of 2015. See State Rec., Vol. II of V, Letter to petitioner from the Clerk of Court dated March 4, 2015. The writ application in Case No. 2015-KH-1057 was filed in May of 2015. See State Rec., Vol. II of V, Letter to petitioner from the Clerk of Court dated June 1, 2015. As noted *supra*, the Clerk of the Louisiana Supreme Court reports that the writ application in Case No. 2015-KH-1497 was filed within the past month.

In summary, petitioner has not yet given the Louisiana Supreme Court a fair opportunity to correct the alleged violations with respect to his convictions or sentences. As a result, any and all claims asserted this federal application are necessarily unexhausted.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Bernal Aguilar be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this twenty-fourth day of August, 2015.

  
SALLY SHUSHAN  
UNITED STATES MAGISTRATE JUDGE

---

[13] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.